# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Sandra Jean Law

v.

PHC-Martinsville, Inc., etc.,
and Edward J. Jesneck

October 2, 2014

Case No. 13-73

BY JUDGE G. CARTER GREER

In this medical malpractice action, the plaintiff has filed a first amended complaint, alleging, *inter alia*, that, on October 30, 2009, she was admitted to Memorial Hospital of Martinsville and Henry County ("hospital") under the service of Dr. Edward Jesneck with a diagnosis of cellulitis; that the plaintiff informed Dr. Jesneck and the nurses that she was allergic to penicillin; that on the following day, a nurse informed Dr. Jesneck by telephone that the plaintiff still had a fever; that Dr. Jesneck ordered over the telephone that the plaintiff receive Merrem, a derivative of penicillin; that the hospital substituted Doripenem for Merrem; and that as a result of the administration of Doripenem, which is in the same class as Merrem, the plaintiff developed "Stevens-Johnson syndrome/toxic epidermal necrolysis with between 20 and 30% of epidermal loss secondary to allergic reaction to Merrem/Doripenem." First Amended Complaint, ¶ 29.

The hospital has filed a demurrer, motion to dismiss, and plea in bar, arguing that the allegations in paragraphs 32(r), (s), and (t) of the First Amended Complaint "fail to state a claim against the [h]ospital, should be dismissed, and are barred by the statute of limitations." Va. Code § 8.01-235 states in part that "the defense that the statutory limitation period has expired cannot be set up by demurrer." There is, technically, no such thing as a "motion to dismiss" in Virginia civil practice. "[T]he contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." Va. Code § 8.01-273. In federal civil practice a defendant may file a motion to dismiss under FRCP 12(b)(6), which is the equivalent of a demurrer in state practice. The court will treat the motion to dismiss

as subsumed by the plea in bar. The court will not consider the demurrer insofar as it purports to challenge the First Amended Complaint on the basis of the expiration of the statute of limitations. With respect to paragraph 32(r), which pertains to post-incident conduct of the hospital's employees, the hospital avers that the Plaintiff has alleged a theory of negligence which is not recognized in Virginia, specifically, the failure properly to investigate and report a "major medication variance." Demurrer at 2-3. The hospital argues that the post-incident conduct of hospital employees, as a matter of law, cannot serve as a proximate cause of the plaintiff's injuries. The court agrees and sustains the Demurrer as to paragraph 32(r).

In order to address the hospital's argument as to paragraphs 32(s) and (t), the court must first recite the procedural background of the case. The plaintiff filed her original complaint on July 12, 2011, and the case was nonsuited on November 6, 2012. The plaintiff filed a new complaint on March 12, 2013, and an amended complaint on June 23, 2014, with leave of court. The amended complaint alleges in paragraphs 32(s) and (t) that "the hospital made an ill-advised arbitrary decision to substitute Doripenem for Merrem in all situations where the ordered [sic] physician prescribed Merrem," and that "the hospital failed to promulgate the results of this decision regarding Doripenem/Merrem to nurses and/or staff physicians." These allegations did not appear in the aggressive pleading of the prior nonsuited action.

The issue squarely before the court is whether the new claims are barred by the statute of limitations. The resolution of this issue depends upon which test the court applies: the "same evidence" test or the "same transaction" test. Since there is no appellate decision in Virginia on point, the parties rely upon persuasive authority. Citing *Lawton-Gunter v. Meyer*, 88 Va. Cir. 327 (2014), a recent decision by Roanoke Circuit Court, the hospital argues that the court should apply the same evidence test, that is, Va. Code § 8.01-229(E)(3), the tolling provision of the nonsuit statute, tolls only those claims "that rely on the same evidence as the claims made in the first action." *Id.* Under this test, since the new claims in the amended complaint do not depend upon the same evidence as the claims asserted in the prior nonsuited action, it would follow that the statute of limitations was not tolled as to the new claims during the pendency of the original complaint, and the new claims would now be time-barred. On the other hand, citing *Dunston v. Huang*, 709 F. Supp. 2d 414 (E.D. Va. 2010), the plaintiff urges the court to adopt the same transaction test, under which the tolling provision of the nonsuit statute tolls those claims that, more broadly, arise out of the same transaction or occurrence as the claims alleged in the original action. In applying this test, the new claims clearly arise out of the same transaction, the treatment of the plaintiff during her hospitalization, so it would logically follow that the statute of limitations was tolled as to the new claims during the pendency of the prior nonsuited action, and they would not be time-barred.

The court prefers the reasoning of the decision in *Dunston* and will apply the same transaction test. Therefore, the court finds that the new claims asserted in paragraphs 32(s) and (t) were timely-filed, and the plea in bar is overruled.